Dec. 1839.

Willis
v.
Moore and
another.

---

### WILLIS vs. MOORE and another.

Two executions being issued upon a judgment at law, one to the county where the defendants reside, and the other to a different county, a creditor's bill cannot be sustained, except upon the allegation of the return of both the executions unsatisfied, unless it also alleged some fraudulent obstruction to the collection of the second execution, or that the property of the defendant in such county, would, in any event, be insufficient to pay the judgment.

THIS was a creditor's bill.    It appeared that exe-cutions had been issued to the counties of Monroe and Ontario, where the defendants Moore and Hatha-way respectively resided, which were returned un-satisfied.    Afterwards, an execution was issued to the county of Wayne.    The bill was filed to reach the equitable assets and choses in action of the de-fendants, and also to remove obstructions to the sale under the execution issued to Wayne county and Ontario.    It also stated that the property in Wayne would not be sufficient to pay the debt.

A supplemental bill was filed, alleging that Moore has subsequently acquired property, and that the sale under the execution before issued to Wayne county, produced only a part of the amount of the debt.

The motion now, was for a receiver under the supplemental bill.

*H. E. Rochester,* for complainant.

*M. F. Delano* and *A. Worden,* for defendants.

Dec. 1839.

Hammond
v.
Hammond.

THE VICE CHANCELLOR said a receiver must be granted in the usual manner; but intimated, that when an execution had been returned unsatisfied, issued to the counties where the defendants resided, and another execution was out in the hands of a sheriff of another county, a creditor's bill could not be filed until the return of such other execution, unless the complainants alleged in their bill, that there were some fraudulent obstructions to the collection of the debt under such execution; or that the property in such county would, in any event, be insufficient to pay the judgment debt. This bill contains both of such allegations, i. e. the original bill contains them, and a receiver must be allowed upon the supplemental bill.